ccrisostomoplea

LEONARDO M. RAPADAS
United States Attorney
BENJAMIN A. BELILES
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 2 1 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00094 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| CRIS B. CRISOSTOMO, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, CRIS B. CRISOSTOMO, enter into the following plea agreement:

1. The defendant, CRIS B. CRISOSTOMO, agrees to enter a guilty plea to Count I of an Information charging him with Entering Military, Naval or Coast Guard Property, with the intent to violate 5 Guam Code Annotated, Sections 63121 and 63125, as assimilated by Title 18 United States Code Sections 1382, 7(3) and 13.

Counts II and III will be dismissed after sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Entering Military Property in violation of 18 U.S.C. 1382 as a misdemeanor as specified in 18 U.S.C. §§ 1382 is imprisonment for not more than six months and a maximum fine of $5000.00, together with any

restitution as the court may order, and a $10 special assessment fee. The total of $10 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive a fine of $500.00, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Entering Military Property, a violation of Title 18, United States Code, Sections 1382, 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt for each count:

First, that on February 12, 2007, the defendant entered certain military property, more specifically Andersen AFB, Guam;

Second, the defendant entered Andersen AFB with the intention of hunt unlawfully;

Third, the defendant intended to hunt unlawfully; and

Fourth, that the locality in which the crime was committed was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

5. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born on May 4, 1960, and is a citizen of the United States.

b. That on February 12, 2007, the defendant CRIS B. CRISOSTOMO entered Andersen AFB, Guam at approximately 9:00 p.m., it was dark. That CRIS B. CRISOSTOMO was accompanied by JOEY G. CRISOSTOMO AND WAYNE G. CRISOSTOMO. That the

-2-

defendant knew the property he was entering belonged to the United States Air Force and he entered with the intention of hunting unlawfully.

c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

6. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under

-3-

oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 20 Nov. 07

CRIS B. CRISOSTOMO
Defendant

DATED: 11/20/07

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11/21/07     By:

BENJAMIN A. BELILES
Special Assistant U.S. Attorney

DATED: 11/21/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

-4-